**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**LATEEF H. GRAY, ESQ., SBN 250055**
**MARLON L. MONROE, ESQ., SBN 251897**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208
Oakland, California 94607
Tel: (510) 929-5400
www.LawyersFTP.com
APointer@LawyersFTP.com
PBuelna@LawyersFTP.com
LGray@LawyersFTP.com
MMonroe@LawyersFTP.com

Attorneys for Plaintiff
GLENN FORKS

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLENN FORKS; an individual,<br><br>Plaintiff,<br>v.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT; and DOES 1-50, inclusive,<br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C. § 1983)<br><br>JURY TRIAL DEMANDED |

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

## INTRODUCTION

1. On October 19, 2024, Glenn Forks was crossed a fare gate at the San Leandro BART Station without paying. When a BART Police officer ordered him to stop, Forks picked up his dropped phone and attempted to walk away.

2. What began as a fare-evasion encounter ended with Forks on the floor with a fractured arm. An officer caught up to Forks and shoved him from behind, sending him face-first to the ground. While Forks lay on his stomach, the officer pressed a knee into his back, forced his head against the floor several times, and kicked him in the torso while yelling at him to stop resisting. Forks was unarmed and once on the ground, he was not resisting or attempting to flee.

3. During the handcuffing, Forks felt significant pain and pressure in his left arm. The officers then ignored two requests to loosen his painfully tight handcuffs. A second BART officer witnessed the encounter but did not intervene.

4. Forks was taken to Santa Rita Jail and released on bail later that day. The following morning, medical imaging revealed that his left forearm was fractured. The criminal case against him was later dismissed. The force BART officers used to apprehend and restrain Forks over an unpaid fare is at the heart of this case.

## JURISDICTION AND VENUE

5. This action arises under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Plaintiff also asserts claims arising under California law that form part of the same case or controversy as his federal claims. This Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

7. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to Plaintiff's claims occurred at the San Leandro BART Station in Alameda County, California, within this judicial district.

**PARTIES**

8. Plaintiff GLENN FORKS (hereinafter "Plaintiff" or "Forks") is a competent adult, a resident of California, and a citizen of the United States.

9. Defendant SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT (hereinafter "BART") is a public entity and rapid transit district organized and existing under the laws of the State of California. BART operates the Bay Area Rapid Transit Police Department ("BART Police"), whose officers were acting under color of state law and within the course and scope of their employment during the events alleged herein.

10. Plaintiff is ignorant of the true name and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Defendants DOES 1 through 50 are BART Police Officers and employees of Defendant BART. Plaintiff will amend this complaint to allege the true names and capacities of Defendants DOES 1 through 50 when ascertained. Plaintiff believes and alleges that each of the Defendant DOES 1-50 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth. Each Defendant DOES 1 through 50 proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and failure to intervene. Each Defendant DOE 1 through 50 is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will seek leave to amend this complaint in order to name Defendants DOES 1

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

through 50 when ascertained.

11. In doing the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted within the course and scope of their employment for Defendant BART.

12. In doing the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted under color of authority and/or under color of law.

13. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

## COMPLIANCE WITH CALIFORNIA GOVERNMENT CLAIMS ACT

14. Plaintiff filed a timely government claim with Defendant BART on April 18, 2025, which was rejected on June 2, 2025. Plaintiff was charged with a criminal offense based upon the incident described in this Complaint, thereby temporarily precluding Plaintiff from filing this lawsuit and tolling the statute of limitations on this civil action under Cal. Gov. Code § 945.3. Plaintiff's criminal case was ultimately dismissed on May 17, 2026 and Plaintiff now timely files the present action.

## FACTUAL ALLEGATIONS

15. On October 19, 2024, at approximately 7:00 a.m., Forks entered the San Leandro BART Station. He did not have his Clipper card with him and crossed the fare gate without paying.

16. Forks dropped his phone and turned back to pick it up. Two DOE Defendant BART Police officers were nearby, and one of them ordered Forks to stop. Forks picked up his phone and walked away.

17. One of the DOE Defendant officers caught up with Forks and shoved him from behind with both hands. Forks fell forward onto his stomach and struck his forehead on the floor.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

18. Forks was unarmed. Once he was on the ground, he was no longer attempting to leave or flee and did not threaten either officer.

19. While Forks was lying face-down, the officer placed a knee into his upper back and pushed his head against the hard ground three to four times. Forks became dizzy and felt as though he was going to lose consciousness.

20. The officer also kicked Forks near his torso while yelling at him to "stop resisting." Forks was not resisting and remained on the ground.

21. The second DOE Defendant officer was present and watched the other officer's unreasonable use of force but did not intervene despite having the opportunity to do so.

22. The officers then handcuffed Forks behind his back. During the handcuffing, Forks felt significant pressure and pain in his left arm.

23. The handcuffs were painfully tight. Forks told the officers they were too tight and twice asked that they be loosened. The officers did not loosen them.

24. The officers then brought Forks to his feet and escorted him to a BART Police vehicle. Forks was transported to Santa Rita Jail and booked for fare evasion and resisting arrest.

25. Forks remained in custody until approximately 5:00 p.m., when his family posted bail and he was released.

26. After his release, Forks experienced pain in his left arm. The following morning, he went to Kaiser in San Francisco for treatment. Imaging revealed that his left forearm was fractured. Forks also suffered injuries to his head and face.

27. The criminal case against Forks, arising from his October 19, 2024 arrest, was dismissed on or about May 17, 2026.

## DAMAGES

28. As a direct and proximate result of Defendants' acts and omissions, Forks suffered

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

physical injuries, including a fractured left forearm and injuries to his head and face. Forks also suffered physical pain, emotional distress, humiliation, anxiety, and loss of his sense of security.

29. Forks incurred medical expenses for the treatment of his injuries and may incur additional medical expenses and other economic losses according to proof.

30. Forks is entitled to recover damages for the violation of his constitutional rights, together with attorneys' fees and costs under 42 U.S.C. § 1988 and any other relief permitted by law.

31. The conduct of the individual officers, as alleged herein, was intentional and undertaken with reckless or callous disregard for Forks's federally protected rights, entitling Forks to seek punitive damages against the individual officers.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment—Excessive Force under 42 U.S.C. Section 1983)**
*(Plaintiff against Defendants DOES 1-50)*

32. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

33. At all relevant times, the DOE Defendant officers were acting under color of state law in their capacity as BART Police officers.

34. Force was used against Forks to apprehend and restrain him. As alleged above, one officer shoved Forks from behind, pressed a knee into his upper back, repeatedly forced his head against the ground, and kicked him near the torso. The officers thereafter handcuffed Forks, during which Forks experienced significant pressure and pain in his left arm, and the officers failed to loosen the painfully tight handcuffs after Forks twice asked that they be loosened.

35. The force used against Forks was unreasonable under the circumstances. Forks was suspected of fare evasion, was unarmed, and did not threaten the officers. Although Forks initially

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

walked away after being ordered to stop, once he was taken to the ground he was no longer attempting to flee and was not resisting.

36. The DOE Defendant officers' continued use of force against Forks while he was lying face-down and not resisting, including repeatedly forcing his head against the ground and kicking him near the torso, was excessive and violated Forks's rights under the Fourth Amendment.

37. The officers' failure to loosen Forks's painfully tight handcuffs after he twice complained and asked that they be loosened further constituted unreasonable force under the circumstances.

38. As a direct and proximate result of the officers' conduct, Forks suffered injuries and damages as alleged herein.

39. The conduct alleged herein was intentional and undertaken with reckless or callous disregard for Forks's federally protected rights, entitling Forks to seek punitive damages against the individual officers.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Failure to Intervene under 42 U.S.C. Section 1983)**
*(Plaintiff against Defendants DOES 1-50)*

40. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

41. At all relevant times, the second DOE Defendant officer was acting under color of state law in his capacity as a BART Police officer.

42. The second officer was present and observed the force used against Forks while Forks was lying face-down on the ground and did not pose any threat, including the repeated force against Forks's head and the kick near his torso.

43. The second officer had an opportunity to intervene to prevent or stop the continued

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

use of force against Forks but failed to do so.

44. By failing to intervene, the second officer allowed the continued use of excessive force against Forks and violated Forks's rights under the Fourth Amendment.

45. As a direct and proximate result of the second officer's failure to intervene, Forks suffered injuries and damages as alleged herein.

46. The conduct alleged herein was intentional and undertaken with reckless or callous disregard for Forks's federally protected rights, entitling Forks to seek punitive damages against the individual officer.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(NEGLIGENCE)**
*(Plaintiff against Defendants BART and DOES 1-50)*

47. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

48. The DOE Defendant officers owed Forks a duty to exercise reasonable care in apprehending, restraining, handcuffing, and taking him into custody, including a duty to use only such force as was reasonably necessary under the circumstances.

49. The officers breached their duty of care by, among other things, using unreasonable force against Forks during his apprehension and restraint, continuing to use force after Forks was on the ground and not resisting or attempting to flee, and failing to respond to Forks's complaints that his handcuffs were painfully tight.

50. The second officer further breached his duty of care by failing to take reasonable action to prevent or stop the continued use of unreasonable force against Forks.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

51. At all relevant times, the officers were acting within the course and scope of their employment with Defendant BART. BART is therefore vicariously liable for the acts and omissions of its employees pursuant to California Government Code § 815.2.

52. As a direct and proximate result of Defendants' negligence, Forks suffered physical injuries, including a fractured left forearm and injuries to his head and face, as well as physical pain, emotional distress, and other damages as alleged herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Violation of the Bane Act (Cal. Civ. Code § 52.1))**
*(Plaintiff against Defendants BART and DOES 1-50)*

53. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

54. Forks had the right to be free from unreasonable seizures and excessive force under the United States and California Constitutions.

55. As alleged above, the officers intentionally used excessive force against Forks, including forcing him to the ground, applying force while he was lying face-down, repeatedly forcing his head against the ground, kicking him near the torso, and keeping him in painfully tight handcuffs after he complained and asked that they be loosened.

56. Once Forks was on the ground, he was no longer attempting to flee and was not resisting. The continued force used against him was deliberate and not the result of accident, mistake, or mere negligence.

57. Through the intentional use of unreasonable force, the officers interfered with Forks's constitutional right to be free from excessive force. The officers acted with the specific intent to

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

violate Forks's right to be free from an unreasonable seizure and the application of more force than was reasonably necessary under the circumstances.

58. At all relevant times, the officers were acting within the course and scope of their employment with BART. BART is vicariously liable for the wrongful acts of its employees pursuant to California Government Code § 815.2.

59. As a direct and proximate result of Defendants' conduct, Forks suffered the injuries and damages alleged herein and is entitled to the remedies available under California Civil Code § 52.1, including damages, attorneys' fees, and any other relief permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

60. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff GLENN FORKS prays for relief as follows:

1. For compensatory damages, including general and special damages, in an amount according to proof;

2. For medical expenses and other economic damages according to proof;

3. For damages for physical pain, emotional distress, humiliation, anxiety, and loss of enjoyment of life according to proof;

4. For punitive damages against the individual officer Defendants in an amount sufficient to punish and deter, according to proof;

5. For statutory damages and other relief available under California Civil Code § 52.1;

6. For reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, California Civil Code § 52.1, and other applicable law;

7. For the costs of suit;

8. For pre-judgment and post-judgment interest as permitted by law; and

9. For such other and further relief as the Court deems just and proper.

Dated: October 7, 2026

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE

/s/ *Marlon L. Monroe*
Marlon L. Monroe
Attorney for PLAINTIFF

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607